RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  5/31/12
       JDK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TIMOTHY E. BUNN | CIVIL ACTION NO. 1:12-CV-47 |
| VERSUS | JUDGE DRELL |
| WARDEN BRAD SUDDATH | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Timothy E. Bunn, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), and he is incarcerated at the Grant Parish Center in Colfax, Louisiana. He complains that he was denied adequate medical care.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the reasons that follow, it is recommended that the complaint be denied and dismissed.

### *Background*

Plaintiff complains that on October 17, 2010, he was burned when a radiator exploded. He did not seek medical care that night, but decided the next morning that he should go to the hospital. Before leaving for the hospital, Grant Parish Sheriff officers arrived at Plaintiff's mother's home to arrest him. Plaintiff was arrested and incarcerated. Plaintiff repeatedly asked for medical care and was denied from October 18, 2010 through December 8, 2010.

***Law and Analysis***

Plaintiff alleges the denial of medical care beginning October 18, 2010, but the instant lawsuit is dated January 9, 2012, well over one year from the date of the alleged denial. District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

There is no federal statute of limitations. Accordingly, the forum state's statute of limitations for general personal injuries is used in civil rights claims. See Lopez-Vences v. Payne, 74 Fed. Appx. 398 (5th Cir. 2003). In Louisiana, that limitations period is one year. Federal law is used to determine when a cause of action accrues. Id. "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." Piotrowski, 51 F.3d at 516, quoting Vigman v. Community National Bank and Trust Co., 635 F.2d 455, 459 (5th Cir. 1981). Plaintiff knew that he was being denied medical care in October of 2010.

Although equitable tolling principles apply to civil rights cases for the time spent exhausting administrative remedies[1], Plaintiff states that he did not exhaust in this case because he was not provided with grievance forms.

### Conclusion

Because it is clear that Plaintiff's claim is prescribed, **IT IS RECOMMENDED** that his civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

---

[1] See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002) (holding that because the PLRA requires a prisoner to exhaust his administrative remedies, the prisoner is entitled to equitable tolling of the applicable limitations period while he exhausts the remedies) & Harris v. Hegmann, 198 F.3d 153, 158 (5th Cir. 1999) (holding that the statute of limitations applicable to a civil rights complaint should be tolled while the prisoner exhausts his administrative remedies).

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 30th day of May, 2012.

JAMES D. KIRK
U.S. MAGISTRATE JUDGE